NOT RECOMMENDED FOR PUBLICATION
File Name: 16a0190n.06

No. 15-3951

UNITED STATES COURTS OF APPEALS
FOR THE SIXTH CIRCUIT

JAMES HOOKER,

    Plaintiff-Appellant,

v.

CITY OF TOLEDO,

    Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE
NORTHERN DISTRICT OF
OHIO

BEFORE:    BOGGS, SILER, and BATCHELDER, Circuit Judges.

ALICE M. BATCHELDER, Circuit Judge. This is an appeal from the district court's grant of the City of Toledo's motion for summary judgment. James Hooker alleged that the City of Toledo ("the City") violated Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e *et seq.* when it failed to promote him and when it fired him. He argues on appeal that the district court erred in finding that Hooker failed to offer evidence showing that the City's proffered reason for terminating his employment was pretextual and that the district court erroneously granted the City's motion for summary judgment because a genuine issue of material fact exists as to whether the City terminated Hooker's employment on the basis of his race. For the following reasons, we affirm the district court's order granting the City's motion for summary judgment.

## FACTUAL BACKGROUND

The City hired Hooker, an African-American male, in 2000 as a Sewer Maintenance Worker, the position he occupied until his employment was terminated in 2013. In 2012, following various disciplinary incidents, Hooker agreed to a Last Chance Agreement ("LCA") that provided in relevant part, "in the event Mr. Hooker is found guilty by the Administrative Hearing Officer of any singular administrative disciplinary infraction, minor or major, Mr. Hooker's employment with the City of Toledo will be terminated summarily."

On December 18, 2012, Hooker faced various charges after the rear fender and mud flaps of a City truck assigned to him were damaged. On January 7, 2013, the City held a disciplinary hearing before an Administrative Hearing Officer, who found Hooker guilty of "damage to a City of Toledo property/vehicle, negligence, and conduct unbecoming a City of Toledo employee." The Hearing Officer recommended that Hooker's employment be terminated in accordance with his LCA. On January 22, 2013, the Mayor's office affirmed the Hearing Officer's recommendation and fired Hooker.

## PROCEDURAL HISTORY

Hooker filed a complaint against the City in the United States District Court for the Northern District of Ohio, alleging that the City violated Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 when it failed to promote him and when it terminated his employment. The City denied all claims and filed a Motion for Summary Judgment, which the court granted. Hooker timely filed a Notice of Appeal.

## STANDARD OF REVIEW

"We review de novo the district court's grant of summary judgment." *Williams v. Ford Motor Co.*, 187 F.3d 533, 537 (6th Cir. 1999). Summary judgment is proper only if there is no

genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The proper inquiry on appeal from a grant of summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). In reviewing a grant of summary judgment, the moving party's evidence "must be viewed in the light most favorable to the [nonmoving] party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). However, if the nonmoving party failed to make a sufficient showing on an essential element of the case with respect to which the non-movant has the burden, the moving party is entitled to summary judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

## ANALYSIS

The district court held that a reasonable jury could find that Hooker established a prima facie case of race discrimination when the City failed to promote him, but it also held that the City had articulated a legitimate, nondiscriminatory reason for its action and that Hooker had presented no admissible evidence to demonstrate pretext. Regarding Hooker's termination-based discrimination claim, the district court held that Hooker had not shown that a reasonable jury could find that the City's reason for firing him—the LCA violation—was pretextual.

Hooker argues on appeal that the district court erroneously granted summary judgment because it failed to consider an affidavit that demonstrates that the City's purported reason for firing him was pretextual. Hooker presents no argument with regard to the failure-to-promote claim and, accordingly, we deem it abandoned. *See Spirko v. Mitchell*, 368 F.3d 603, 612 (6th Cir. 2004) ("It is a settled appellate rule that issues adverted to in a perfunctory manner,

unaccompanied by some effort at developed argumentation, are deemed waived.") (quoting

*United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)) (citations and internal quotation

marks omitted).

The plaintiff in a Title VII claim carries the initial burden of establishing a prima facie

case of racial discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

The burden then shifts to the employer to articulate some legitimate, nondiscriminatory reason

for its action. *Id.* If the employer succeeds in this task, the burden shifts back to the plaintiff to

show that the employer's proffered reason was not its true reason, but merely a pretext for

discrimination. *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 391–92 (6th Cir. 2008).

> Pretext may be established either directly by persuading the [trier of fact] that a
> discriminatory reason more likely motivated the employer or indirectly by
> showing that the employer's proffered explanation is unworthy of credence. A
> plaintiff will usually demonstrate pretext by showing that the employer's stated
> reason for the adverse employment action either (1) has no basis in fact, (2) was
> not the actual reason, or (3) is insufficient to explain the employer's action.

*Id.* at 392–93 (alteration in original) (internal quotation marks and citations omitted).

Hooker argues that a genuine issue of material facts exists as to whether the City

terminated him on the basis of his race because the district court failed to consider the affidavit

of Robert C. Allen, a Caucasian City of Toledo Heavy Equipment Operator who worked for the

same supervisor. He argues that the affidavit shows that he received disparate treatment because

Allen, a Caucasian employee, received a second chance after violating his own LCA, whereas

Hooker, an African-American employee, was not given a second chance after violating his

LCA.[1] While disparate treatment can be used to establish a prima facie case of discrimination,

---

[1] Allen was ultimately fired before the conclusion of his original LCA period after a second
violation of the LCA.

here, Hooker argues that disparate treatment shows that the City's proffered reason, the LCA violation, was a pretext for its true motive of race discrimination.

In order to demonstrate disparate treatment, the plaintiff must show "(1) that he was a member of a protected class and (2) that for the same or similar conduct he was treated differently than similarly-situated non-minority employees." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992). To be similarly situated, the comparator "must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Id.* at 583. This has been clarified to mean that "the plaintiff and the employee with whom the plaintiff seeks to compare himself or herself must be similar[, that is, nearly identical,] in all of the relevant aspects." *Noble v. Brinker Int'l, Inc.*, 391 F.3d 715, 729 (6th Cir. 2004) (alteration in original) (emphasis omitted) (internal quotation marks and citation omitted).

Allen is not a similarly situated employee. Even if the district court had considered Allen's affidavit, it states that Allen was a Heavy Equipment Operator, whereas Hooker was a Sewer Maintenance Worker. Furthermore, the cursory seven-paragraph affidavit contains no evidence that Allen engaged in conduct that was the same as or similar to Hooker's.

Allen's affidavit does not provide evidence of disparate treatment and no rational jury could rely on his affidavit to find that the City's terminating Hooker's employment for an LCA violation was pretextual. Accordingly, the district court did not err by not considering Allen's affidavit. Nor did the court err by granting the City's motion for summary judgment because no genuine issue of material fact exists as to whether the City terminated Hooker on the basis of his race.

## CONCLUSION

For the aforementioned reasons, we AFFIRM the district court's order granting the City's motion for summary judgment.